Dear Mrs. Peabody:
Your request for an attorney general opinion has been referred to me for a response.
In 1997, the legislature enacted La. R.S. 42:5.1 as part of the Open Meetings Law. The section is titled "School board meetings; public comment," and states:
 Notwithstanding any other law to the contrary, each school board subject to the provisions of this Chapter shall allow comment at any meeting of the school board prior to taking any vote. The comment period shall be for each agenda item and shall precede each agenda item. A comment period for all comments at the beginning of a meeting shall not suffice as a comment period.
You have two questions. First, you ask if the above statute is applicable to the Board of Elementary and Secondary Education (BESE). Second, you ask if there are any statutory requirements relevant to a proposed policy on public comment that BESE is considering. You have attached a copy of the proposed policy to your opinion request.
La. R.S. 42:5.1 was enacted by Act No. 895 of the 1997 Regular Session of the legislature. Neither the section itself nor the Open Meeting Law defines the phrase "school board." In the absence of a specific definition, words should be given their generally prevailing meaning. La. C.C. Art. II.
The phrase "school board" is generally understood to include only local school boards and not the state board. The phrase is used in legislation generally, especially Title 17, to refer only to parish and city school boards.
Additionally, a review of the legislative history supports the above conclusion. For example, legislative committees were addressed by representatives of only local school boards. Discussion was had concerning existing local policies on the subject, the statute's effect on future local polices on the subject and whether the state should restrict the discretion of local school boards in this area. In sum, the phrase "school board" in R.S. 42:5.1 refers to local city and parish school boards.
Concerning your second inquiry, there are no statutory requirements relevant to a proposed BESE policy on public comment at board meetings. The legislature has generally granted the state board the power to, "adopt, amend, or repeal rules, regulations and policies necessary or proper for the conduct of the business of the board." R.S. 17:6(10). Therefore, the regulation of public comment at BESE meetings is within the sound discretion of the state board.
I trust that the above adequately responds to your query.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ________________________________ James C. Hrdlicka Assistant Attorney General
RPI:JCH:lrs